**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| VAUGHN INDUSTRIES, LLC, ) | Case No. 1:21-cv-00434-DRC |
| ) | |
| Plaintiff, ) | Judge Douglas R. Cole |
| ) | |
| v. ) | |
| ) | |
| PCL CONSTRUCTION SERVICES, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO COMPLAINT**

Defendants, PCL Construction Services, Inc. ("PCL"), Fidelity and Deposit Company of Maryland ("F&D"), Travelers Casualty and Surety Company of America ("Travelers"), and Federal Insurance Company ("FIC") (F&D, Travelers, and FIC are collectively referred to as "Co-Sureties") for their Answer to the Complaint of Vaughn Industries, LLC ("Vaughn"), state the following:

**FIRST DEFENSE**

1. All Defendants deny the allegations in paragraph 1 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

2. All Defendants admit the allegations in paragraph 2 of the Complaint.

3. All Defendants admit the allegations in paragraph 3 of the Complaint.

4. All Defendants admit the allegations in paragraph 4 of the Complaint.

5. All Defendants admit the allegations in paragraph 5 of the Complaint.

6. The allegations in paragraph 6 of the Complaint are legal statements and conclusions to which no response is required. To the extent a response is deemed required, all Defendants admit that the parties are diverse and the amount in controversy is in excess of $75,000. All Defendants deny the remaining allegations in paragraph 6 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

7. All Defendants admit the allegations in paragraph 7 of the Complaint.

**ANSWER TO COUNT ONE**
(Foreclosure of Bond)

8. In answering paragraph 8 of the Complaint, all Defendants admit that Hillcrest Solar I, LLC ("Hillcrest") is a leasee under various leases for property located in Green Township, Brown County, Ohio ("Project") upon which a 200 MW-AC / 260 MW-DC solar electric generating facility is being erected. All further allegations of paragraph 8 of the Complaint are denied.

9. All Defendants admit that on May 8, 2020, Hillcrest recorded a notice of commencement in Brown County as File No. 202000002230, Vol. 500, Pages 5146–5183 ("Notice of Commencement"). All Defendants state that Exhibit A to the Complaint speaks for itself. All further allegations of paragraph 8 of the Complaint are denied.

10. PCL admits that it is a contractor of the Project and hired by Hillcrest. The Co-Sureties deny all allegations in paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

11. PCL admits that it contracted with Deltro Electric Ltd ("Deltro") as a subcontractor on the Project. The Co-Sureties deny all allegations in paragraph 11 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

12. All Defendants deny the allegations in paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. All Defendants state that Exhibit B to the Complaint speaks for itself.

13. All Defendants deny the allegations in paragraph 13 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. All Defendants state that Exhibit C to the Complaint speaks for itself.

14. All Defendants deny the allegations in paragraph 14 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. All Defendants state that Exhibit D to the Complaint speaks for itself.

15. All Defendants deny the allegations in paragraph 15 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

16. All Defendants deny the allegations in paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

17. All Defendants deny the allegations in paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

18. All Defendants deny the allegations in paragraph 18.

19. All Defendants deny the allegations in paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

20. All Defendants deny the allegations in paragraph 20.

21. All Defendants deny the allegations in paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

22. All Defendants deny the allegations in paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. All Defendants state that Exhibit E to the Complaint speaks for itself.

23. All Defendants deny the allegations in paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

24. All Defendants deny the allegations in paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

25. All Defendants deny the allegations in paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

26. All Defendants deny the allegations in paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, all Defendants deny the allegations.

28. All Defendants admit that on May 18, 2021, PCL filed an application ("Application") with the Court of Common Pleas, Brown County, Ohio, Case No. 20210266 to approve a bond and to discharge Vaughn's mechanics' lien against the Property and/or Hillcrest's interest in the Property. PCL further admit that Exhibit F is a true and accurate copy of the Application.

29. All Defendants admit that PCL attached to its Application a Surety Bond to Discharge Mechanic's Lien No. 6357720, 107385650, K4058321A, dated April 20, 2021 (the

"Bond"), wherein PCL (as principal) and the Co-Sureties (as surety) recognized themselves to be bound to Vaughn in the penal sum of Nine Hundred Sixty-Seven Thousand Six Hundred Ninety Five and 06/100 Dollars ($967,695.06), for the payment of which PCL and the Co-Sureties jointly and severally bound themselves and their successors and assigns.

30. All Defendants admit that on May 20, 2021, the Brown County Common Pleas Court issued an Order Approving Surety Bond Discharging Mechanic's Lien on Behalf of Vaughn Industries, LLC, wherein the court approved the Bond. All Defendants admit that a true and accurate copy of the Order is attached to the Complaint as Exhibit G. All Defendants further admit that the court further ordered that the bond be substituted for the security of the mechanics' lien and ordered the lien voided.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, all Defendants deny the allegations.

32. All Defendants admit the allegations of paragraph 32 of the Complaint.

33. All Defendants deny each and every averment contained in the Complaint not hereinabove specifically admitted to be true.

## SECOND DEFENSE

34. Plaintiff's Complaint fails to state a claim against all defendants upon which relief may be granted.

## THIRD DEFENSE

35. Plaintiff's claims are barred by accord and satisfaction.

## FOURTH DEFENSE

35. Plaintiff has failed to mitigate its alleged damages.

16058946v1                                              5

**FIFTH DEFENSE**

36. Plaintiff is estopped by its own conduct to assert the claims contained in the Complaint.

**SIXTH DEFENSE**

37. All claims made in the Complaint against all Defendants are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, release and/or pro tanto discharge.

**SEVENTH DEFENSE**

38. Plaintiff's claims against all Defendants are barred or reduced by the doctrine of set-off.

**EIGHTH DEFENSE**

39. All claims made in the Complaint must be dismissed because Plaintiff failed to serve a Notice of Furnishing on the leasee, and/or PCL pursuant to R.C. 1311.01 et al.

**NINETH DEFENSE**

40. All claims made in the Complaint must be dismissed because Plaintiff failed to serve the Mechanic's Lien on the leasee, and/or PCL pursuant to R.C. 1311.01 et al.

**TENTH DEFENSE**

41. The Co-Sureties are informed and believe that they are entitled to assert all of the defenses available to its principal PCL, and therefore, the Co-Sureties hereby incorporate by reference all defenses raised, or that could have been raised, by the Co-Sureties' principal, PCL.

**ELEVENTH DEFENSE**

42. The Co-Sureties allege that their liability, if any exists, which is expressly denied, is limited to the penal sum of the applicable Bond.

43. All Defendants reserve the right to assert additional affirmative defenses as they may arise after the filing of this Answer.

**WHEREFORE**, Defendants PCL Construction Services, Inc., Fidelity and Deposit Company of Maryland, Travelers Casualty and Surety Company of America, and Federal Insurance Company request that the Complaint be dismissed; that it be awarded the attorneys' fees and costs incurred thereby; and that it be granted all other relief to which it is entitled.

Respectfully submitted,

*/s/ Katelyn R. Dwyer*
Robert A. Koenig (0020789)
Katelyn R. Dwyer (0099186)
SHUMAKER, LOOP & KENDRICK, LLP

*Counsel for Defendants, PCL Construction Services, Inc., Fidelity and Deposit Company of Maryland, Travelers Casualty and Surety Company of America and Federal Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2021 a copy of the foregoing *Answer to Complaint* has been served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Katelyn R. Dwyer*
Robert A. Koenig (0020789)
Katelyn R. Dwyer (0099186)
SHUMAKER, LOOP & KENDRICK, LLP

*Counsel for Defendants, PCL Construction Services, Inc., Fidelity and Deposit Company of Maryland, Travelers Casualty and Surety Company of America and Federal Insurance Company*